I'm Glenn Solem and I represent Helen Pittman in this case. I think it's a fairly simple case. The issue before the court is whether or not Ms. Pittman could bring a section 1981 claim against a state agency. And I think the decision should be pretty much controlled by Federation of African American Contractors v. City of Oakland. I don't have much to add to my brief. Well, the problem with that case is, I mean, it does extend it to municipal entities, but it's subject to liability under Monell. So to take the Federation case and extend it now to state agencies would be an extension. It isn't as if it's controlled, clearly. Otherwise, we wouldn't probably be here. We would have submitted it. So there does seem to be an issue. So how can you address the distinction, given all the other criteria that the court has in legislative history and the like, to extend the Federation case from a municipality context to a state context? Well, I think the answer is that the court already laid the foundation for that in the Federation case. In the Federation case, the court relied on, I think it was Court v. Ash, for the standard for establishing whether or not a statute, in this case the amendments to Section 1981, had an implied cause of action against a public sector actor. And there were four factors in Court v. Ash that were relied on by the court. And the second one had to do whether or not there was a legislative intent to imply or against a public sector actor. And the court relied on the legislative history there. And I think the most important section, for my purposes, begins on page 1213 of the opinion in the Federation case. And it says, and what they did was, the court relied on a part of the legislative history indicating that the legislature intended to create the same remedy against a public sector actor as against a private sector actor. And the court said, although these committee reports do not address the amendment's potential effect on JET, which is the case relied on by the state, they clearly contemplate that Section 1981 rights are to receive parallel protections against state actors and private actors. It goes on, implying a direct cause of action against state actors under Section 14 U.S.C. Section 1981 is consistent with this intent. We base this conclusion on two aspects of the amendment enacting Section 1981C. And that's the part of the section of, that's the part of the. But what they relied on was the provision that talked about the fact that the same rights pertain to both. That's correct. Since the Federated case, the Supreme Court in Alexander v. Sandoval and Joe v. Gonzaga, it seems to me made quite clear that the creation of a right is not sufficient for the implication of a private right of action. So if anything, Federation has been weakened by subsequent Supreme Court cases. Is that not correct? I don't think so, Your Honor. In Federation, the court went on to say, first, by including language that explicitly protects Section 1981 rights from impairment by both private and government entities. Right, right. But it's talking about rights. And the problem is that the later case law seems to make quite clear that the fact that the right is there is no answer to the question of whether Congress intended a private cause of action. The opinion goes on to say, in Federation, the amendment makes clear that Congress intended a comparable scope of protection against each type of defendant. And what I'm saying here is that, look, municipalities, which were the subject of the opinion in Federation, or municipal public sector entities, is only a subset of the set of all government entities. And the language in Federation refers to government entities in interpretation of the legislative history. When is this issue ever going to matter? I mean, except in this very peculiar situation we have here. We have this odd situation where the government itself removed the case, and so therefore cannot assert sovereign immunity. But in 99% of the cases, it's not going to matter. Is that right? I can't answer that. I don't know. Not on the record. I'm sorry? It's not on the record. Not on the record. Right. I can't answer that. All right. If there are any other... I don't have anything else to add to my point. Yeah, no, we appreciate it. You don't have to use all your time. You have this well-braved, and we do understand the issue. Thank you. May it please the Court, Your Honors, Mark Abrams, Senior Assistant Attorney General for the State of Oregon. I think the single issue you have to look at is right in the first sentence or two of Federation, which says it is a case about municipalities. Your decision in that case a decade ago related to the City of Oakland and Alameda County, and used the word state in a generic sense. When an appellant asks you to apply the court versus AASH analysis for implied rights, not to municipalities, but to states, that is violative of the Supreme Court's decision in Will versus State Department of Police, where it says that any change in a state's rights, as opposed to the City of Oakland or Alameda, must be unmistakably clear in the text of the statute. Now why should that be when there's no, there's no abrogation issue here. This isn't like a Section 5 of the 14th Amendment problem, because the state can assert sovereign immunity, you just didn't do it properly. So why is there a special rule for states when there's no abrogation issue? I'm having a little trouble. Why is there a special rule for the state when there's no abrogation of sovereign immunity problems? Well, Your Honor, I don't think the fact that the state removed this case into the federal court system, while that affects our immunity, and we made a knowing waiver of the immunity, that was my choice below, alters the need still to waive other rights that the sovereign still maintains. I don't think removing the right... Well, what right is that? What right? The right that, well, the definition that we are not a person under Section 1983 and under Jet... But 1981 doesn't have person. But 1981 doesn't have a private right except through 1983, Your Honor, under Will and under Jet. And when the Civil Rights Act of 1991 amends Jet, there is no indication of clear and explicit congressional intent that they were doing anything but adapting the Jet ruling to restore rights that once were had against municipalities, not against states. Okay. That's all I have. Judge Brezan? That's fine. I don't think my question was answered. I guess I was sort of asking you to explain Will because it would be helpful to me to know how to apply it. And that is, you answered by restating the conclusion that you could only proceed under 1983, but I'm asking you why there should, what is the substance of the special rule in the context where there is no abrogation problem? Why do we have to look at states differently from municipalities when they retain the right to assert their sovereign immunity as they do here? I see, Your Honor, and I wasn't prepared to fully go into that today. I think the easy answer is we as the states as sovereigns are the ones who create the federal government. The Constitution puts us in a special place. Will v. Michigan State Department of Police says we are not persons under 1983. By contrast, Manel v. Department of Social Services, 436 U.S. 658, says municipalities are persons under Section 1983. I understand that, but that cuts against you here because 1981 does not have that language. But his argument, as I understand it, is that if we abrogate 1983 by saying now you don't have to go through 1983, you go through 1981, they're losing the protection of status as a non-person. Indeed, Your Honors, and that would be exactly the kind of substantive and significant change in states' rights that Will says a court should not go to, which raises this issue of the Anquist opinion that was cited by appellant. We would simply suggest to you that Magistrate Ashmanskas got that wrong. There is no analysis in that opinion. Ironically, I was the defense lawyer in that opinion below. There is absolutely no analysis in that opinion of why there is no substantive change in states' rights. There would clearly be a significant change if we were suddenly once again 16 years after Jett, after Will, subject to 1981 directly. I would note Jett and Will come down from the U.S. Supreme Court one week apart. The two of them were writing two opinions that were intended to interact in the way the courts have applied them for the last 18 years. Okay. Thank you both. The case of Pittman v. Oregon is submitted. The next case on calendar is Woolsey-Crandall v. Astrum. Is the court ready? One second. Good morning. Good morning. May it please the court
judges: Fisher, Berzon, Barzilay